| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>J.R., *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>NEW YORK DEPARTMENT OF<br>EDUCATION,<br><br>        Defendant. | **USDC-SDNY**<br>**DOCUMENT**<br>**ELECTRONICALLY FILED**<br>**DOC#:**<br>**DATE FILED:**  1-27-21<br><br>19-CV-11783 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

  On January 14, 2021, Defendant filed a memorandum in opposition to Plaintiffs' motion for summary judgment for fees and costs. Dkt. 35. Included in the opposition were two documents containing unredacted identifying information that, pursuant to the Individuals with Disabilities Education Act's (IDEA) confidentiality provisions, should not be publicly available. *Id*. Ex. A; *id*. Ex. D. On January 15, 2021, Defendant sought and obtained a temporary seal on these documents. Dkt. 40 at 1. On January 25, 2021, Defendant moved to permanently seal these documents and to re-file them with the appropriate redactions. The motion is granted.

  Defendant's sealing requests are subject to the test set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). That test requires the Court to first determine whether the documents at issue are "judicial documents" by examining whether they are "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Erie Cnty*., 763 F.3d 235, 239 (2d Cir. 2014). If the documents are judicial documents, then a common law presumption of access attaches, and the Court must then consider the weight of that presumption against any "competing considerations." *Lugosch*, 435 F.3d at 119–20.

The two exhibits at issue, both of which were submitted in opposition to a motion for summary judgment, are judicial documents. *See Lugosch*, 435 F.3d at 121 (concluding that documents submitted in connection with a motion for summary judgment are "judicial documents" in the context of a sealing request). Each of the exhibits is thus entitled to a strong presumption of access.

The Court nevertheless grants the motion to seal these documents in full for now, allowing Defendant to refile them with the appropriate redactions. Defendant seeks to redact only that identifying information that should not be publicly available under the IDEA's confidentiality provisions. *See* Dkt. 40 at 1; *see also* 20 U.S.C. § 1417(c) (requiring "the protection of the confidentiality of any personally identifiable data, information, and records collected or maintained by . . . State educational agencies and local educational agencies."). The public's interest in access to judicial proceedings will remain protected even if these documents are filed in redacted form. *See B.J.S. v. State Educ. Dep't/Univ. of State of N.Y.*, 2010 U.S. Dist. LEXIS 11722, 2010 WL 502796, at *4 (W.D.N.Y. Feb. 9, 2010) (redacting names of adult plaintiff and disabled child, suing under Individuals with Disabilities Education Act, to protect identity of child). Accordingly, it is hereby:

ORDERED that Defendant's motion to seal the documents at docket entry 35-1 and 35-4 is GRANTED. Defendant shall refile these documents with the appropriate redactions no later than February 4, 2021.

SO ORDERED.

Dated:   January 27, 2021
         New York, New York

                                                      RONNIE ABRAMS
                                                     United States District Judge