| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: |

J.R., *individually and on behalf of J.B., a child with a disability*,

                Plaintiff,

v.

NEW YORK CITY DEPARTMENT OF EDUCATION,

                Defendant.

19-CV-11783 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

This action was brought against the New York City Department of Education (the "DOE") by J.R., the mother of disabled child, J.B. After successfully obtaining several educational accommodations for her son through an administrative hearing before an independent hearing officer ("IHO"), Plaintiff filed the instant action for attorneys' fees under the fee-shifting provisions of the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(i)(3) (the "IDEA"). Plaintiff requests a total of $76,902.15 in fees, costs, and interest for both the underlying administrative proceeding and this federal action. The Court grants the request with modifications.

## BACKGROUND

The Court draws the following facts from the declarations of the lawyers who represented the parties in this action: Andrew Cuddy ("Cuddy Decl."), Justin M. Coretti ("Coretti Decl."), Emily Goldman ("Goldman Decl."), and Darren Trotter ("Trotter Decl."), as well as the exhibits attached thereto.

Plaintiff's attorneys are from the Auburn, New York office of the Cuddy Law Firm, PLLC ("CLF"), "one of the largest private special education law firms in the country." Cuddy Decl. at 9.

Plaintiff's counsel initiated the underlying administrative proceeding (the "underlying action") on Plaintiff's behalf on July 21, 2017 by filing a due process complaint ("DPC"). Coretti Decl. ¶¶ 17–19. The DPC alleged that the DOE had denied J.B. a free appropriate public education ("FAPE") during the 2015–16, 2016–17, and 2017–18 school years. Goldman Decl. ¶ 11. Plaintiff sought a host of remedies including "compensatory education, a psychiatric evaluation, funding for an independent neuro-psychological evaluation, an independent functional behavioral assessment ("FBA") and if warranted, a Behavioral Intervention Plan ("BIP") by a Board Certified Behavioral Analyst ("BCBA"), placement in a community school with a staffing ratio of 12:1:1; that the CSE reconvene; make up speech and language therapy ("SLT"), counseling and physical therapy ("PT"), and Occupational Therapy ("OT")." *Id.* Ex. F.

On August 17, 2017, Coretti moved before the IHO assigned to this case for a pendency determination and interim order. Coretti Decl. ¶ 27. On August 25, 2017, the IHO held a pendency hearing. Goldman Decl. ¶ 11. After the hearing the IHO entered, with Defendant's consent, an interim order granting Plaintiff's requested pendency relief. Coretti Decl. ¶ 28 & Ex. D (Interim Order).

The IHO held three brief hearings on this matter on December 4, 2017, February 5, 2018, and March 1, 2018. *Id.* ¶¶ 31–35. The December 4 hearing lasted from 11:02 a.m. to 11:33 a.m., the February 5 hearing lasted from 1:10 p.m. to 2:03 p.m., and the March 1 hearing lasted from 11:06 a.m. to 11:11 a.m. for a total of about 90 minutes. *See* Goldman Decl. ¶ 13. At these hearings, Plaintiff presented 26 exhibits and three witnesses. Coretti Decl. ¶¶ 30–34; Goldman Decl. ¶ 14. Defendant did not offer any testimonial or documentary evidence. Goldman Decl. ¶ 14. At the end of the hearings, Plaintiff submitted an eight-page closing brief, outlining what was agreed to be in the IHO's final decision, identifying issues that were no longer in dispute, and arguing for the remaining relief sought. Coretti Decl. ¶ 35 & Ex. E (Closing Brief).

On May 1, 2018, the IHO issued a Findings of Fact and Decision ("FOFD"). *Id.* ¶¶ 36–37 & Ex. F (FOFD). The FOFD recognized that much of the case was resolved by the parties prior to the hearings, and that "[t]he only remaining issues . . . to determine were the rate for the neuropsychological evaluation and the amount of compensatory educational services which the student should receive." *Id.* Ex. F (FOFD) at 3. Throughout the next five months, CLF assisted Plaintiff in getting the FOFD implemented. *Id.* ¶ 40.

On November 17, 2018, CLF submitted a fee demand to DOE. Trotter Decl. Ex. A (Fee Demand) at 2. Attached to the demand were "a billing statement with [a] summary sheet and expense report, copies of the relevant receipts, authorizations from J.R. to accept settlement, resumes from each person who had worked on the case up to that point, Mr. Coretti's closing brief, and the [IHO's] [FOFD]." *Id.*; *see also* Cuddy Decl. ¶¶ 27–28. The fee demand sought $49,964.30 in total, including "1.9 hours billed by A. Cuddy at a rate of $550 per hour, .6 hours billed by J. Sterne at a rate of $550 per hour, 7.1 hours billed by J Coretti at a rate of $400 per hour, 78.7 hours billed by J. Coretti at a rate of $425 per hour, 24.7 hours of J. Coretti's travel time at a rate of $212.50 per hour, and 1.2 hours billed by K. Mendillo at a rate of $450 per hour." Goldman Decl. ¶ 20; *see also* Trotter Decl. Ex. A (Fee Demand) at 2. "The request also included 21.1 hours of paralegal time at a rate of $225.00 per hour." Goldman Decl. ¶ 20; *see also* Trotter Decl. Ex. A (Fee Demand) at 2. For costs, the demand sought "expense reimbursement totaling $1,765.55 consisting of: faxes ($132.00), lodging ($391.56), meals ($137.64), mileage ($682.50), photocopying at a rate of $.50 cents per page ($151.00), Parking ($112.50), postage ($7.35), tolls ($26.00), and transportation ($125.00)." Goldman Decl. ¶ 20; *see also* Trotter Decl. Ex. A (Fee Demand) at 2. The demand was not accepted.

On December 23, 2019, CLF commenced this federal court action (the "federal action"). Dkt. 1. On September 4, 2020, CLF filed the instant motion for attorneys' fees, which sought $60,954.96 in fees, consisting of "$45,821.72 for the underlying matter (inclusive of $2,532.42 in prejudgment interest

3

from the date of the November 17, 2018 fee demand) and $15,133.24 for the federal component (inclusive of $70.24 in prejudgment interest on the fees and costs accrued between the November 17, 2018 fee demand and the January 22, 2020 update)." Pl. Mem. at 22. On February 19, 2021, CLF submitted a revised calculation. *See* Reply Declaration of Andrew Cuddy ("Cuddy Reply Decl.") at 8–9. Plaintiff now seeks $76,902.15 in fees, consisting of $46,469.28 for the underlying action (inclusive of $3,179.98 in prejudgment interest) and $30,432.87 for the federal action (inclusive of $287.37 in prejudgment interest). *Id.*

## LEGAL STANDARD

"The IDEA grants district courts the discretion to award reasonable attorneys' fees and costs to a prevailing party." *R.G. v. N.Y.C. Dep't of Educ.*, 18-CV-6851 (VEC), 2019 U.S. Dist. LEXIS 166370, 2019 WL 4735050, at *1 (S.D.N.Y. Sept. 26, 2019) (citing 20 U.S.C. § 1415(i)(3)(B)(i)). A plaintiff "prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 F. App'x 17, 17–18 (2d Cir. 2014) (alterations omitted and internal quotation marks omitted). Here Defendant does not dispute that Plaintiff was the prevailing party.

"Reasonable attorneys' fees under the IDEA are calculated using the lodestar method." *Streck v. Bd. of Educ.*, 408 F. App'x 411, 415–16 (2d Cir. 2010) (quoting. *A.R. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 79 (2d Cir. 2005)). To calculate the lodestar, the court must "multiply[] the attorney's reasonable hourly rate by the number of hours reasonably expended on the matter at issue." *E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ.*, 11-CV-5243 (GBD) (FM), 2014 U.S. Dist. LEXIS 34606, 2014 WL 1092847, at *2 (S.D.N.Y. Mar. 17, 2014) (*citing Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). In determining whether an hourly rate is reasonable, courts consider both the prevailing market rates for such legal services as well as the twelve-factor test promulgated by the Fifth Circuit in

4

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The twelve *Johnson* factors are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Lilly v. City of New York*, 934 F.3d 222, 228 (2d Cir. 2019). "[T]he fee applicant bears the burden of establishing entitlement to an award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

## DISCUSSION

Although Plaintiff was the prevailing party and is thus entitled to attorneys' fees, the Court concludes that the fee rate sought, the hours submitted, and the costs requested do not qualify as reasonable. The Court will thus grant Plaintiff's motion for attorneys' fees and costs, but will make reductions both to the rates and hours awarded.

### I.  Reasonable Rate

Plaintiff seeks the following fee rates for the CLF attorneys who worked on this matter:

(1) $500 per hour for attorneys Andrew Cuddy and Jason Sterne, who at the time each had roughly 15-20 years of experience in special education law,
(2) $400 per hour for attorney Kevin Mendillo, who at the time had roughly five years of experience in special education law,
(3) $350 per hour for attorney Benjamin Kopp, who has worked at CLF for two years,
(4) $350 per hour during 2016 and $375 per hour after 2016 for Justin Coretti, who at the time had three years of experience in special education law,
(5) $150 per hour for paralegal and office administrator Shobna Cuddy, who at the time had worked at CLF for ten years,
(6) $150 per hour for paralegals Allison Bunnell, Amanda Pinchak and Dianna Gagliostro, who at the time had less than two years of experience,
(7) $150 per hour for paralegal and legal assistant Aaron Moore, who was a law student at the time, and
(8) $150 per hour for legal secretary Sarah Woodard, who at the time had over twenty years of experience.

5

*See* Trotter Decl. Ex. A 69–80; *see also* Cuddy Decl. at 9; Kopp. Decl. ¶ 17; Coretti Decl. ¶ 5. Because these rates do not comport with the prevailing rate in this area nor the *Johnson* factors, they must be reduced.

### A. Prevailing Rate

The prevailing market rate for experienced, special-education attorneys in the New York area circa 2018 was between $350 and $475 per hour. *See M.D. v. N.Y.C. Dep't of Educ.*, 17-CV-2417 (JMF), 2018 U.S. Dist. LEXIS 156923, 2018 WL 4386086, at *3 (S.D.N.Y. Sept. 14, 2018) (collecting cases); *see also C.D. v. Minisink Valley Cent. Sch. Dist.*, 17-CV-7632 (PAE), 2018 U.S. Dist. LEXIS 134646, 2018 WL 3769972, at *6 (S.D.N.Y. Aug. 9, 2018) (same). "For associates with three or fewer years of experience in such litigation, courts in this District have typically approved rates of $150–$275." *C.D.*, 2018 WL 3769972, at *7. "Paralegals, depending on skills and experience, have generally garnered between $100 and $125 per hour in IDEA cases in this District." *R.G.*, 2019 WL 4735050 at *3 (collecting cases). The rates sought are thus significantly higher than the market rate in New York.

### B. *Johnson* Factors

Because "the determination of fees should not result in a second major litigation," *Fox v. Vice*, 563 U.S. 826, 838 (2011) (quoting *Hensley*, 461 U.S. at 437), courts may consider the *Johnson* factors holistically, and need not apply each factor rigidly to the facts of the case. *See Green v. City of New York*, 05-CV-429 (ETB), 2010 U.S. Dist. LEXIS 2946, 2010 WL 148128, at *10 (E.D.N.Y. Jan. 14, 2010), *aff'd*, 403 F. App'x 626 (2d. Cir. 2010).

Here, applying the Johnson factors holistically, the Court concludes that they do not support the proposed fee rates. Plaintiff does not allege that the issues in this case were especially novel or difficult, nor does it appear that this matter was "undesirable." *Lilly*, 934 F.3d at 228. Rather, this appears to have been a fairly standard action for special education and related services. Goldman Decl. ¶ 18. Defendant did not put on any witnesses nor present any evidence and agreed to most of Plaintiff's requests before

6

the FOFD was issued. *Id.* ¶¶ 13–14; Coretti Decl. Ex. F (FOFD) at 3. In total, the administrative proceedings in this case took less than two hours. *See* Goldman Decl. ¶ 13. Further, there is no indication that CLF was precluded from other employment in taking this case. *Lilly*, 934 F.3d at 228.

To be sure, at least one factor does support the fees sought here. Specifically, the Court recognizes that CLF obtained for Plaintiff most, if not all, of the relief she sought for her son, Coretti Decl. Ex. F (FOFD) at 3–4, and that "the degree of success obtained by plaintiff's counsel" is "'the most critical factor in determining the reasonableness of a fee award,'" *C.D.*, 2018 WL 3769972, at *11 (*citing Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). Yet this factor alone does not outweigh the rest, which support a reduction in the fee rate sought.

In a comparable attorneys' fees action brought by CLF, Judge Caproni found that a reasonable rate for attorneys Cuddy and Sterne was $350 per hour, while the reasonable rate for those attorneys with less special education litigation experience was $300 per hour, and the reasonable rate for paralegals was $100. *R.G.*, 2019 WL 4735050, at *3. The Court will do the same here. Andrew Cuddy and Jason Sterne's hourly rate will thus be reduced to $350 per hour. Kevin Medillo, Benjamin Kopp, and Justin Coretti's hourly rate will be reduced to $250 per hour. Shobna Cuddy, Allison Bunnell, Amanda Pinchak Dianna Gagliostro, Aaron Moore, and Sarah Woodard will be reduced to $100 per hour.

## II. Reasonable Time

Plaintiff reports that the CLF attorneys and staff spent a total of 193.4 hours working on this matter. Cuddy Reply Decl. at 8–9. That time includes:

(1) 110.6 hours spent on the underlying action including: 1.90 hours by Andrew Cuddy, 0.60 hours by Jason Sterne, 85.80 hours by Justin Coretti, 1.20 hours by Kevin Mendillo, 9.30 hours by Allison Bunnell, 1.50 hours by Aaron Moore, 2.40 hours by Dianna Gagliostro, 4.60 hours by Amanda Pinchak, 1.00 hours by Sarah Woodard, and 2.30 hours by Shobna Cuddy.[1]
(2) 82.8 hours spent on the instant motion for attorneys' fees including: 9.20 hours by Andrew Cuddy, 0.20 hours by Jason Sterne, 16.30 hours by Justin Coretti, 51.30 hours

---

[1] This number excludes the 24.2 hours spent by Coretti travelling, which the Court will analyze below in Section III.A.

7

by Benjamin Kopp, 1.20 hours by Allison Bunnell, 0.10 hours by Amanda Pinchak, and 4.50 hours by Shobna Cuddy.

*Id.* These hours do not qualify as reasonable, and the court will thus reduce them by 20% in connection with the underlying action and 25% in connection with the federal action, respectively.

### A. Underlying Action

In determining what number of hours is reasonable, the court "must exclude '[h]ours that are excessive, redundant, or otherwise unnecessary,' allowing only those hours that are 'reasonably expended.'" *Hernandez v. Berlin Newington Assocs., LLC*, 699 F. App'x 96, 97 (2d Cir. 2017) (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172–73 (2d Cir. 1998)). To determine the reasonableness of hours spent on a matter, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award" by a reasonable percentage. *Hensley*, 461 U.S. at 436–37; *see also McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (in calculating an appropriate reduction of compensable hours "[a] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application"). Courts in this Circuit routinely reduce hours by up to fifty percent in instances where counsel bills for excessive or unnecessary hours worked. *See E.S. v. Katonah-Lewisboro Sch. Dist.*, 796 F. Supp. 2d 421, 433 (S.D.N.Y. 2011) (collecting cases); *see also Wong v. Hunda Glass Corp.*, 09-CV-4402 (RLE), 2010 U.S. Dist. LEXIS 90736, 2010 WL 3452417, at *4 (S.D.N.Y. Sept. 1, 2010) (applying 15% reduction where counsel performed unnecessary work and where "an experienced attorney [w]ould not have required as much time"); *Do Yea Kim v. 167 Nail Plaza, Inc.*, 05-CV-8560 (GBD) (GWG), 2009 U.S. Dist. LEXIS 1992, 2009 WL 77876, at *6 (S.D.N.Y. Jan. 12, 2009) (applying 40% reduction where counsel expended unreasonable amount of time); *Wilson v. Nomura Sec. Int'l Inc.*, 01-CV-9290 (RWS), 2002 U.S. Dist. LEXIS 12668, 2002 WL 1560614, at *5 (S.D.N.Y. July 15, 2002) (applying fifty percent across-the-board reduction for "inefficiencies and excessive billing").

8

The Court finds that the hours billed here were "excessive," and thus warrant reduction. *See Kirsch*, 148 F.3d at 173. Factors that support this conclusion include the brevity of both Plaintiff's written submission and the hearings themselves, Defendant's decision not to submit evidence in opposition, and the seeming lack of complexity of this matter. *See* Coretti Decl. ¶ 35 & Ex. F (FOFD) at 3; Goldman Decl. ¶¶ 13–14. In cases of comparable complexity brought by the Cuddy Law Firm, courts in this District have reduced the firm's hours by twenty to fifty percent. *See, e.g., M.D. v. N.Y.C. Dep't of Educ.*, 20-CV-6060 (LGS), 2021 U.S. Dist. LEXIS 132930, 2021 WL 3030053, at *5 (S.D.N.Y. July 16, 2021) (reducing hours spent on administrative proceeding by 20% in a case in which Plaintiff spent 84.4 hours preparing for an uncontested hearing); *H.C. v. N.Y.C. Dep't of Educ.*, 20-CV-844 (JLC), 2021 U.S. Dist. LEXIS 113620, 2021 WL 2471195, at *8 (S.D.N.Y. June 17, 2021) (reducing hours spent on administrative proceeding by 20% in a case in which three hearings were held and DOE agreed to several of Plaintiff's demands prior to the first hearing); *R.G.*, 2019 WL 4735050 at *3–4 (reducing hours spent on administrative proceeding by roughly 20% in a case in which four hours of hearings were held and the Government introduced one witness). The Court will thus order a twenty percent reduction in hours spent on the underlying action, from 109.9 to 87.92.

### B. Federal Action

Courts in this District also routinely reduce the hours spent on attorneys' fees litigation when those actions concern only the "simple and straightforward issue" of "the reasonable amount of fees and costs that Plaintiff's attorneys should be paid for prevailing on behalf of the Plaintiff." *S.J. v. N.Y.C. Dep't of Educ.*, 20-CV-1922 (LGS) (SDA), 2020 U.S. Dist. LEXIS 186435, 2020 WL 8461561, at *6 (S.D.N.Y. Oct. 3, 2020), *report and recommendation adopted* 2021 WL 100501 (S.D.N.Y. Jan. 12, 2021). For example, in *M.D.*, referenced above, the Court reduced the plaintiff's 76.2 hours spent on federal court litigation by 50% due to "th[e] case's low degree of complexity." 2021 WL 3030053, at *6. In *R.G.*, the Court reduced the plaintiff's 59.9 hours spent on litigating attorneys' fees to 44.2 in

light of its finding that the plaintiff's brief "discusse[d] no novel questions and contain[ed] approximately five pages [out of 13] of boilerplate language." 2019 WL 4735050 at *5. The Court sees no reason to diverge from this precedent. Plaintiff's claim before this Court appears to be a straight-forward motion to award attorneys' fees to the prevailing party pursuant to the IDEA. The parties' briefing on this issue did not present any complex issues or raise novel claims. The Court thus concludes that the 82.8 hours Plaintiff's counsel spent on this action was excessive. It thus reduces that number by 25% to 62.1 hours.

## III. Reasonable Costs

Plaintiff seeks the following costs: $169.00 in copying at 50 cents per page, $132.00 in faxing at $2.00 per page, $391.56 in lodging, $137.64 in meals, $682.50 in mileage, $112.50 in parking, $7.35 in postage, $26.00 in tolls, $125.00 in transportation, and $400.00 in filing fees. *See* Cuddy Decl. at 10. Plaintiff also seeks a $90.00 service fee for Justin Coretti in relation to the federal action and $4,631.25 in travel fees for him, charged at a rate of $187.50 per hour (half his usual rate). *Id.* at 2, 10. The Court accepts the majority of these costs as reasonable, but will reduce several of them.

### A. Travel Costs

Courts in this Circuit have previously reduced the travel costs charged by CLF in representing a client in New York City, reasoning that "it is doubtful that a reasonable client would retain an Auburn or Ithaca attorney over a New York City attorney if it meant paying New York City rates and an additional five hours in billable time for each trip." *K.F. v. N.Y.C. Dep't of Educ.*, 10-CV-5465 (PKC), 2011 U.S. Dist. LEXIS 88653, 2011 WL 3586142, at *6 (S.D.N.Y. Aug. 10, 2011); *see also C.D.*, 2018 WL 3769972, at *13. This Court agrees, and so will reduce Coretti's billable travel hours to one hour each way, or two hours total, for each trip he took to New York City in relation to this action. *See id.* (doing the same).[2]

---

[2] Consistent with the Court's decision on reasonable hourly fees, Coretti may only bill $125 per hour for his travel time. *See supra* § I.B.

10

### B. Copying and Faxing Costs

The Court also agrees with the DOE that $0.50 per page for printing is excessive. *See R.G.*, 2019 WL 4735050 at *6. As the Court did in *R.G.*, it will accept only 10 cents per page in copying costs. *See id.* The Court also finds Plaintiff's faxing costs non-reimbursable. "[M]ost modern copy machines have the ability to scan documents so that they can be emailed" at no cost. *Id.* Given this fact, the Court concludes that "no rational client would pay to fax documents" when those documents can be transmitted via email for free. *Id.*

### CONCLUSION

The Court thus grants the motion for attorneys' fees and costs, as well as pre- and post-judgment interest, but with the following amendments:

(1) Plaintiff is entitled to fees at an hourly rate of $350 for Andrew Cuddy and Jason Sterne, $250 for Kevin Mendillo, Justin Coretti, and Benjamin Kopp, and $100 for Shobna Cuddy, Allison Bunnell, Amanda Pinchak Dianna Gagliostro, Aaron Moore, and Sarah Woodard;

(2) CLF must reduce its hours billed on the underlying action by 20% and on the federal action by 25%;

(3) Justin Coretti may only bill for one hour of travel time each way for his trips to New York City, and must do so at a rate of $125 per hour;

(4) Plaintiff's costs for printing are reduced to 10 cents per page;

(5) Plaintiff may not seek costs for faxing.

No later than August 10, 2021, Plaintiff shall submit to the Court a proposed judgment consistent with this decision. If Defendant objects to the proposed judgment, it shall file a letter explaining its position no later than August 14, 2021. Absent an objection from Defendant by that date, the Court will sign and docket Plaintiff's proposed judgment.

SO ORDERED.

Dated:   August 4, 2021
         New York, New York

RONNIE ABRAMS
United States District Judge